```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARIEL ANTONMARCHI,                          :

                Plaintiff,                  :       MEMORANDUM & ORDER

             -against-                      :       03 Civ. 7735 (LTS)(KNF)

CONSOLIDATED EDISON COMPANY OF              :
NEW YORK, INC.,
                                            :
                Defendant.
------------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

On January 13, 2010, the Court granted a cross-motion by the plaintiff's former counsel, the law firm of Frank & Associates, P.C. ("F&A"), for a charging lien, pursuant to New York Judiciary Law § 475 ("NYJL § 475"). However, the Court could not fix the value of the lien, owing to the dearth of information provided on the reasonable value of the legal services rendered. Thereafter, on February 1, 2010, F&A filed supplemental documentation in support of its request that the Court fix its charging lien in the amount of $90,679.30.

## BACKGROUND

From approximately late May 2005, until January 13, 2010, F&A served as counsel-of-record to the plaintiff, in this employment discrimination action. Upon its retention, F&A moved the Court to enlarge the time to complete discovery, which was set to close on June 1, 2005. The Court granted F&A's motion. Thereafter, F&A moved twice for the same relief. The Court enlarged the time to complete discovery, ultimately, to September 2, 2005.

1

During the pretrial discovery phase of the litigation, F&A defended the plaintiff's deposition and deposed five of the defendant's employees. Counsel from F&A participated in a telephonic conference with the Court, on August 30, 2005, to address the service of subpoenas on two of the defendant's employees. After the close of discovery, on September 8, 2005, the parties participated in a settlement conference with the Court, but could not agree to resolve the instant action. Following the settlement conference, F&A moved for sanctions against the defendant, for failing to produce certain information timely. The Court granted F&A's motion on November 2, 2005 and precluded the defendant from using the untimely produced information in a motion or at trial. Subsequently, the Court denied the defendant's motion for reconsideration of the discovery sanction, which the plaintiff opposed.

On November 10, 2005, the defendant moved for summary judgment on all the plaintiff's claims. On December 5, 2005, the plaintiff filed his opposition to the summary judgment motion, which included a 35-page memorandum of law and 31 exhibits. Simultaneously, the plaintiff sought leave to amend his complaint.

On September 29, 2008, the assigned district judge denied the plaintiff leave to amend, and granted, in part, the defendant's motion for summary judgment, leaving a number of discrimination and retaliation claims for trial. On October 17, 2008, the plaintiff filed a motion to "dismiss" F&A as his counsel, which the Court granted, on January 13, 2010. Finding the plaintiff's dismissal of F&A to be without cause, the Court granted the firm's cross-motion for a charging lien, pursuant to NYJL § 475.

## DISCUSSION

Under NYJL § 475, a charging lien may be determined "on a quantum meruit basis, ascertaining the reasonable value of the legal services rendered up to the date of" counsel's

withdrawal or discharge. See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 148 (2d Cir. 1998). "A charging lien . . . is equitable in nature . . . and the overriding criterion for determining the amount of a charging lien is that it be 'fair[.]'" Sutton v. New York City Transit Auth., 462 F.3d 157, 161 (2d Cir. 2006). Among the factors a court must consider in assessing the amount of a charging lien on a quantum meruit basis are: (1) "the difficulty of the matter"; (2) "the nature and extent of the services rendered"; (3) "the time reasonably expended on those services"; (4) "the quality of performance by counsel"; (5) "the qualifications of counsel"; (6) "the amount at issue"; and (7) "the results obtained (to the extent known)." Sequa, 156 F.3d at 148. It is appropriate, after "consider[ing] all the factors relevant to a quantum meruit fee analysis . . . [to] turn[] to lodestar analysis to reach a specific dollar figure for the value of the services rendered[.]" Id.[1]

F&A seeks to recoup the reasonable value of legal services provided, to the plaintiff, by the following attorneys: (1) Neil M. Frank ("Frank"); (2) Peter A. Romero ("Romero"); and (3) Christopher D. Felker ("Felker"). Frank is the principal and managing partner of F&A. He has been admitted to practice in New York since 1963 and has practiced exclusively in the area of labor and employment law, from that time forward, working at two labor and employment law firms before starting his own practice in 1991. Romero has been admitted to practice in New York since 2003, and has practiced labor and employment law as an associate at F&A since July 2004. Felker graduated from law school in 2002 and worked at the United States Department of Justice prior to joining F&A.

According to the time records submitted to the Court, Frank expended 25.25 hours on the instant litigation and seeks remuneration at a rate of $400 per hour. Romero and Felker each seek an

---

[1] The Second Circuit has abandoned the "lodestar" approach in favor of the "'presumptively reasonable fee'" analysis. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008).

hourly rate of $250; however, the time records indicate Romero devoted 293 hours to the instant action, while Felker only spent 10 hours on the matter. Additionally, F&A seeks to recover $4,829.30, the costs it incurred representing the plaintiff. In sum, F&A requests that the Court fix its charging lien, in the amount of $90,679.30, calculated as follows:

| NAME | RATE ($/hour) | TOTAL HOURS | TOTAL |
|---|---|---|---|
| Neil M. Frank | 400 | 25.25 | $10,100.00 |
| Peter A. Romero | 250 | 293 | $73,250.00 |
| Christopher D. Felker | 250 | 10 | $ 2,500.00 |
| - | - | - | **$85,850.00** |
| Costs | - | - | $ 4,829.30 |
| **TOTAL SOUGHT** | | | **$90,679.30** |

The plaintiff retained F&A on the eve of the close of discovery. After securing, from the Court, two enlargements of the time for completing pretrial discovery activities, F&A had three months to complete discovery, of whatever nature. F&A conducted multiple depositions, on the plaintiff's behalf, during this time. After the close of discovery, F&A attended a settlement conference, with the Court, and made a contested discovery motion, which the Court granted. F&A also prepared and filed the plaintiff's opposition to the defendant's summary judgment motion, and sought leave of the court to amend the complaint. The assigned district judge denied the motion for leave to amend, but granted, only in part, the defendant's motion for summary judgment, leaving a number of the plaintiff's claims for trial. The instant litigation remains pending, thereby preventing the Court from knowing what, if any, damages a jury may award the plaintiff on his remaining claims.

Bearing in mind these factors, the Court will calculate the presumptively reasonable fee – the product of the "reasonable hourly rate" and the hours reasonably expended – to determine the value of the legal services provided by F&A.  See Arbor Hill, 522 F.3d at 183-84.

**Reasonable Hourly Rate**

The "reasonable hourly rate" used to calculate the presumptively reasonable fee is the "rate a paying client would be willing to pay." Id. at 190 (noting "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively").  The rate is generally the prevailing hourly rate charged in the district where the court sits.  Id. at 183.  However, in setting the reasonable hourly rate, the district court should consider a number of "case-specific variables," including, inter alia, the factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974).  Id. at 190.[2]

F&A performed the bulk of its work for the plaintiff in 2005, when Frank had over 40 years' experience in labor and employment law, and Romero and Felker each had less than three.  Based on the Court's review of cases in this district, it appears the hourly rates requested for F&A's attorneys – $400 for Frank and $250 for Romero and Felker – are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  See Blum v. Stenson, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 1547 n.11 (1984); see also Adams v. New York State Educ. Dep't, 630 F. Supp. 2d 333, 349 (S.D.N.Y. 2009) (awarding

---

[2] "The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."  Arbor Hill, 522 F.3d at 186-87 n.3 (citing Johnson, 488 F.2d at 717-719).

$350 hourly rate to "senior labor and employment litigator" with approximately 20 years' experience); Weingarten v. Optima Commc'ns Sys., Inc., 544 F. Supp. 2d 193, 197 (S.D.N.Y. 2008) (awarding $350 and $300 hourly rates to attorneys with 20 and 19 years' experience, respectively, in labor and employment law); Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 545-546 (S.D.N.Y. 2008) (awarding $600 hourly rate to partner at employment law firm with approximately 30 years' experience; $350, to senior associates with approximately 4 years' experience; and $250, to junior associates with approximately 2 years' experience); Marchisotto v. City of New York, No. 05 Civ. 2699, 2009 WL 2229695, at *7 (S.D.N.Y. July 27, 2009) (awarding $400 hourly rate to attorney with approximately 12 years' experience in labor and employment law).  The Court finds no case-specific variables warrant a reduction in the hourly rates sought.

**Reasonableness of Hours Expended**

"In order to calculate the reasonable hours expended, the prevailing party's fee application must be supported by contemporaneous time records, affidavits, and other materials." McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006).  A court should exclude documented hours which are "excessive, redundant, or otherwise unnecessary." See Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40 (1983).  In excluding these hours, a "court has discretion simply to deduct a reasonable percentage of the number of hours claimed . . . ." Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (upholding 20% reduction in requested hours for "vagueness, inconsistencies, and other deficiencies in the billing records"); see McDonald, 450 F.3d at 97 (upholding 35% reduction in requested hours expended).  "In reviewing a fee application, the district court examines the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's

case." Luciano v. Olsten Corp., 109 F.3d 111, 117 (2d Cir. 1997) (finding no abuse of discretion in reducing hours requested by half where associate billed "excessive[ly]").

The Court finds that an award of fees to F&A for the time it spent pursuing its cross-motion to withdraw, as counsel in the instant litigation, and for a charging lien, is not reasonable. "Such activities were not in furtherance of obtaining a favorable judgment on behalf of [the] plaintiff[] in this case and are thus not properly the subject of the charging lien." Stair v. Calhoun, __ F. Supp. 2d __, No. 07-CV-3906, 2010 WL 2670828, at *9 (E.D.N.Y. June 1, 2010); Melnick v. Press, No. 06-CV-6686, 2009 WL 2824586, at *7 (E.D.N.Y. Aug. 28, 2009). Hence, the Court will exclude hours billed after October 17, 2008, when the plaintiff filed his motion to "dismiss" F&A as his counsel, since the firm clearly ceased working on the plaintiff's behalf at that time.

Additionally, the Court will not award fees to F&A for hours billed between January 3, 2006, the date of F&A's final submission to the court on the plaintiff's behalf, and September 29, 2008, the date on which the assigned district judge issued her decision on the defendant's summary judgment motion. During that period, the case remained at a standstill, pending resolution of the summary judgment motion. Despite that, Frank billed 5.25 hours of work during that time – namely, in the form of corresponding with the client – and Romero billed 42.25 hours, comprised almost entirely of "client call[s]," but including 16 hours preparing a pretrial order, which was never submitted to the court. The Court is not persuaded that any work performed during this time period added value to the plaintiff's case and, therefore, should not be assessed in determining the lien amount.

As a final general comment, the Court notes that the time records submitted by F&A contain many vague entries – describing the "work performed" with a word or two only – making it difficult to assess the reasonableness of the hours expended. For example, Romero spent 16 hours "digest[ing] transcripts," between late October 2005 and mid-November 2005. The Court is unclear

7

about which transcripts Romero reviewed and, therefore, cannot be certain this was an appropriate expenditure of time. This vagueness, alone, warrants a reduction in the hours requested.

Turning to the time records of the individual attorneys, Frank's records warrant an additional deduction to account for the 2 hours expended traveling to the court for a settlement conference on September 8, 2005. "[T]ravel time is appropriately compensated at half of counsel's normal billing rate." Rozell, 576 F. Supp. 2d at 540; see Robinson v. City of New York, No. 05 Civ. 9545, 2009 WL 3109846, at *6, 12 (S.D.N.Y. Sept. 29, 2009) ("[I]t is not appropriate to lump travel time together with fully compensable time."). Accordingly, the Court will only credit Frank with one hour of time for his travel, to account for the difference in compensation. Based on the deductions the Court finds must be made to Frank's time records, in the interest of fairness, the Court will award Frank 10 hours of fees.

By the Court's count, Romero devoted approximately 100 hours to drafting the plaintiff's opposition to summary judgment. Given the length of the opposition, however, the Court finds this to be a reasonable expenditure of time. However, Romero devoted approximately 50 hours to drafting the plaintiff's reply to his cross-motion for leave to amend the complaint. This seems excessive and warrants a substantial reduction. Overall, the Court finds that a 35% reduction in Romero's requested hours would account for his excessive billing and other necessary deductions.

Finally, Felker contributed ten hours to the plaintiff's case, by preparing his opposition to the defendant's motion for reconsideration of a discovery order. Felker spent four hours meeting with Romero and six hours preparing the opposition. The Court finds that a 50% reduction in Felker's hours is appropriate, given the straightforward and relatively simple nature of the task he performed.

**Costs**

  F&A requests that the Court include costs of $ 4,829.30, in fixing its charging lien.  These costs include deposition transcripts, serving process, travel expenses, postage, mailing, facsimile transmissions, photocopies and document binding fees.

  As with the attorneys' fees, the Court will not award F&A costs incurred between January 3, 2006, and September 29, 2008, or after October 17, 2008.  The Court declines to award Frank $25 in travel expenses incurred in appearing for the settlement conference on September 8, 2005, as he has already been compensated for this travel in his fee award.  The Court declines further to award the following costs, as the nature of the expense or its purpose is unclear from the billing record: (1) 9/14/2005 expense submitted by Frank; (2) 9/15/2005 travel expense submitted by Romero; (3) 9/16/2005 parking expense submitted by Frank; (4) 10/28/2005 postage expense submitted by Frank; (5) 11/30/2005 postage expense submitted by Frank; and (6) 12/23/2005 FedEx or UPS expense, for 9 items, submitted by Frank.  Furthermore, to the extent F&A incurred costs for facsimile transmissions, the Court will only award it such costs at a rate of 15 cents per page, rather than $2 per page, as it requests.  See Robinson, 2009 WL 3109846, at *11 (awarding 15 cents per page for photocopying and sending facsimile transmissions).

  Accordingly, the Court finds the following costs proper items to attach to the lien:

| DATE BILLED | ACTIVITY | UNITS | RATE ($) | TOTAL ($) |
|---|---|---|---|---|
| 8/31/2005 | Photocopies | 100 | 0.10 | 10.00 |
| 8/31/2005 | Service of subpoenas | 1 | 230.00 | 230.00 |
| 9/23/2005 | Deposition transcripts | 1 | 865.00 | 865.00 |
| 9/23/2005 | Deposition transcripts | 1 | 711.50 | 711.50 |
| 9/23/2005 | Deposition transcripts | 1 | 770.00 | 770.00 |
| 12/15/2005 | Binding of Summary Judgment Motion | 1 | 246.53 | 246.53 |
| 12/22/2005 | Kinkos (binding SJM) | 1 | 59.98 | 59.98 |
| 12/23/2005 | Deposition transcript | 1 | 165.00 | 165.00 |
| 9/30/2008 | Facsimile transmissions | 4 | 0.15 | 0.60 |
| **TOTAL** | | | | **$ 3,058.61** |

## CONCLUSION

For the reasons set forth above, the Court fixes F&A's charging lien at $55,921.11, calculated as follows:

| NAME | RATE ($/hour) | TOTAL HOURS | TOTAL |
|---|---|---|---|
| Neil M. Frank | 400 | 10 | $ 4,000.00 |
| Peter A. Romero | 250 | 190.45 | $47,612.50 |
| Christopher D. Felker | 250 | 5 | $ 1,250.00 |
| - | - | - | **$52,862.50** |
| Costs | - | - | $ 3,058.61 |
| **TOTAL** | | | **$55,921.11** |

10

This order resolves Docket Entry No. 110.

Dated: New York, New York
      August 24, 2010

SO ORDERED:

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Neil M. Frank, Esq.