UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

ARIEL ANTONMARCHI,

        Plaintiff,

   -v-                                          No. 03 Civ. 7735 (LTS)(KNF)

CONSOLIDATED EDISON COMPANY
OF NEW YORK,

        Defendant.

-------------------------------------------------------x



## Memorandum Order

        Plaintiff Ariel Antonmarchi ("Antonmarchi") brings this action against his former employer, defendant Consolidated Edison Company of New York, Inc. ("Con Edison"), alleging violations of Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, the New York State Human Rights Law and the New York City Human Rights Law.

        Con Edison, having discovered that Antonmarchi engaged in a variety of pretrial misconduct, has moved pursuant to Rules 16(f), 37(b) and 41(b) of the Federal Rules of Civil Procedure and the Court's inherent authority for an order dismissing the Amended Complaint or, alternatively, making factual findings in Con Edison's favor, precluding certain evidence and/or holding that, when this case goes to trial, the jury charge will include an inference instruction adverse to Antonmarchi. Con Edison has also filed a motion in limine seeking to preclude certain testimony and evidence as inadmissible. The Court has jurisdiction of Plaintiff's Title VII and section 1981 claims under 28 U.S.C. § 1343 and 42 U.S.C. § 2000s-5(f)(3). The Court exercises supplemental jurisdiction of Plaintiff's state and local human rights laws claims

pursuant to 28 U.S.C. § 1367. The Court has reviewed carefully the parties' submissions and, for the following reasons, Con Edison's motion will be granted and this action will be dismissed.

## BACKGROUND

Antonmarchi has willfully disobeyed multiple court orders to produce discovery material. At a pretrial conference on November 5, 2010, Antonmarchi claimed that he had documentary evidence that his union's lawyer, Kevin Jenkins ("Jenkins"), was in Albany, New York, on November 22, 2002. Antonmarchi asserted that he intended to use this evidence to rebut any allegation that Jenkins witnessed Antonmarchi sign an agreement in New York City on November 22, 2002, releasing Con Edison from liability for the events forming the basis of Antonmarchi's instant claims. At the pretrial conference, waving documents in his hand, Antonmarchi addressed the Court and stated:

> I'm not going to present it now, but in trial I will. I have pictures of [Jenkins] in a rally. He's in Albany on the 22nd and the paper that I gave . . . was signed by a Sharon Kemp, not Mr. Jenkins, because he wasn't there. I have proof. That'll be in the trial.

(Nov. 5, 2010, Tr. p. 34.)[1] At another pretrial conference three months later, the Court instructed Antonmarchi to produce by the following day the documents that he had held up at the earlier conference. (Feb. 10, 2011, Tr. p. 25-26.) Antonmarchi did not produce the documents. Instead, his attorney informed Con Edison by email that Antonmarchi did not possess the evidence that he had claimed to possess, explaining:

> Apparently, I misunderstood my client . . . . [H]e does not have any documentation regarding [Jenkins's] whereabouts. Apparently, the newsletter that he had in court on the last court date had something

---

[1] The title page of the transcript incorrectly shows the date of the conference as November 3, 2002.

> to do with a "union member being made whole" by a $30,000 payout.
> ??? [sic] Bottom line, there are no documents in my client's possession at this time regarding Jenkins' whereabouts on the day in question (though I'm sure he'll keep looking).

(Mar. 1, 2011, Mem. End. Letter, docket entry no. 154.) On March 10, 2011, the Court issued a second order, which specifically instructed Antonmarchi that he "must immediately produce the documents to which he referred at the courthouse (be they newsletters, photographs or other evidence and whether or not he now contends that they are irrelevant)." (Id.) For two more weeks, Antonmarchi failed to produce any documents. Finally, at a court-ordered deposition, he produced certain materials to Con Edison, none of which related to the whereabouts of Jenkins.

Antonmarchi has also admitted to withholding other relevant documents. He testified that, in 2005, he shipped boxes of relevant documents to Puerto Rico, despite his discovery obligations to produce such material, because, he claims, he received death threats. When asked at his deposition where the boxes are now, Antonmarchi responded, "That's for me to know," then "I refuse to answer that question" and "I don't have to answer that" and eventually stating that the boxes were in "Cabo Rojo" with his sister but that he did not know the specific address. (Id. at 77-78, 159.) At the same deposition, after speaking with his attorney, Antonmarchi disclaimed his earlier representations that the boxes contained documents relevant to this action. The boxes and their contents have still not been produced to Con Edison.

Antonmarchi has also admitted that, while he was under an obligation to produce discovery material, he failed to produce to his attorney or Con Edison an additional box full of documents relevant to this action and that the box and its contents were destroyed when his basement flooded in or about 2005.

Antonmarchi has demonstrated by his deposition testimony that his disregard for his discovery obligations and the orders of this Court has been willful. He testified, for instance, that when he saw one of the orders directing him to turn over documents, he felt "it really didn't matter" and told his attorney, "I'm not turning [the documents] over." (Id. at 165, 168.) In the same deposition, Antonmarchi also denied telling the Court that he had pictures of Jenkins in Albany on November 22, 2002. When defense counsel directed Antonmarchi's attention to a copy of the court transcript indicating that Antonmarchi made just such a statement, Antonmarchi responded, "I never said that. I never said that," and "I don't think the Judge said, I don't think she said there was going to be a transcript of that day." (Pl.'s Mar. 23, 2011, Dep. Tr. p.127, 129-30.)

## DISCUSSION

If a party fails to obey an order to provide discovery, the court may dismiss the action in whole or in part, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(b)(2)(A). "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction and to deter those who might be tempted to such conduct in the absence of such a deterrent." Penthouse Int'l Ltd. v. Playboy Entrp., 663 F.2d 371, 386 (2d Cir. 1981) (citation, internal quotation marks and some punctuation omitted). Courts also possess the inherent authority to dismiss an action when a party fails to "tell the truth and participate in discovery in good faith." McMunn v. Mem. Sloan Kettering Cancer Ctr., 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002).

Antonmarchi willfully disobeyed two court orders to produce documents he held in his hand at a pretrial conference. Moreover, he has equivocated and contradicted himself regarding the contents of these documents, claiming in court that the documents contained

evidence that Jenkins was in Albany, New York, on November 22, 2002, but later denying that he possessed such documents and even denying that he had claimed to possess such documents. Because of Antonmarchi's repeated and willful disregard for court orders and the potential for prejudice to the defendant, this action will be dismissed with prejudice pursuant to Rule 37(b) of the Federal Rules of Civil Procedure.

This action will also be dismissed pursuant to the Court's inherent authority. Antonmarchi has admitted to shipping boxes of discoverable material to Puerto Rico in 2005—boxes that were never produced to Con Edison and which, now, Antonmarchi either refuses to produce, cannot produce because he does not know where they are, or will not produce because he asserts the documents in the boxes are not relevant to this action. He has also admitted to withholding evidence during the discovery process, which has now been spoliated. Because of Antonmarchi's clear failure to participate in discovery in good faith, this action will be dismissed.

When granting sanctions pursuant to Rule 37(b), the Court must, after giving an opportunity to be heard, require the offending party or his attorney, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Antonmarchi asserts that Rule 37(b) sanctions must not be imposed at this time because Con Edison has failed to request a pre-motion conference as required by Local Rule 37.2. However, the Court received a letter from Con Edison requesting a pre-motion conference regarding Antonmarchi's failure to comply with the Court's February 10, 2011, Order. The letter was dated March 1, 2011, and indicated that plaintiff's counsel had been provided a copy of the letter. Con Edison having fulfilled its obligation under Local Rule 37.2, and having also given notice of its fee request in its motion papers, sanctions will be imposed and Antonmarchi will be required to pay Con

Edison's attorneys' fees and other reasonable expenses incurred in making the motion for sanctions.

## CONCLUSION

For the foregoing reasons, the Amended Complaint is hereby dismissed with prejudice pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and the Court's inherent authority, and the pending motion in limine is denied as moot. Con Edison is directed to serve and file by April 2, 2012, evidence of the expenses and attorneys' fees it incurred in making the instant motion for sanctions. Any response in opposition is due by April 16, 2012, and any reply is due by April 23, 2012. This Memorandum Order resolves docket entry numbers 159 and 163.

The Clerk of the Court is respectfully requested to enter judgment dismissing the Amended Complaint and close this case.

SO ORDERED.

Dated: New York, New York
March 19, 2012

LAURA TAYLOR SWAIN
United States District Judge